NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BANK OF AMERICA, N.A.,

                Plaintiff,

v.

MARGARET L. WOODS, et al.,

                Defendants.

OPINION

Civ. No. 2:14-cv-03246 (WHW) (CLW)

**Walls, Senior District Judge**

    Plaintiff Bank of America, N.A. ("Bank of America") brought this mortgage foreclosure action against Defendant Margaret L. Woods.[1] Ms. Woods filed counterclaims, and Bank of America now moves to dismiss them under Federal Rule of Civil Procedure 12(b)(6). Bank of America's motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

    Defendant Margaret L. Woods is a New Jersey homeowner with a mortgage. Def.'s Answer & Countercls., Answer to Second Count ¶ 1, ECF No. 2. When she purchased her home in 2003, Ms. Woods executed a promissory note and mortgage to Countrywide Home Loans, Inc. ("Countrywide") to secure a loan of $193,902. *Id.*

    On May 20, 2014, Bank of America filed a foreclosure complaint against Ms. Woods in New Jersey Superior Court. Compl., ECF No. 1-3. Bank of America's complaint alleges that

---

[1] Bank of America also named "Mr. Woods, Husband of Margaret L. Woods" as a defendant. Compl., ECF No. 1-3. Ms. Woods asserts that she has no spouse and has never been married. Notice of Removal ¶ 2, ECF No. 1.

**NOT FOR PUBLICATION**

Countrywide assigned the note and mortgage to Bank of America in October 2013. *Id.* ¶ 2. Bank of America seeks foreclosure on the basis that Ms. Woods has failed to make mortgage payments since April 1, 2012. *Id.* ¶¶ 6-9.

On May 21, 2014, before Bank of America effected service on Ms. Woods, Ms. Woods removed the action to this Court. Notice of Removal, ECF No. 1. Bank of America subsequently effected service on May 29, 2014. Affidavit of Service, ECF No. 14. Ms. Woods based removal on diversity grounds by alleging that Bank of America is a North Carolina citizen, Ms. Woods is a New Jersey citizen, and the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 5-6. As such, the Court is satisfied that it has diversity jurisdiction under 28 U.S.C. § 1332(a).

Removal, however, was procedurally improper. The "forum defendant rule" of 28 U.S.C. § 1441(b)(2) prohibits removal on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Ms. Woods's argument that she "has never been served with the Complaint," Notice of Removal ¶ 2, does not make removal proper. *See Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008) (finding that diversity-based removal was not rendered proper under forum defendant rule by virtue of fact that company had not yet been properly served at time of removal). Although removal was defective, the Court lacks authority to remand the case *sua sponte* and Bank of America has waived its thirty-day opportunity to move for remand. *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (holding that violation of the forum defendant rule "must be the subject of a motion to remand within 30 days after filing the notice of removal" and issuing writ requiring district court to vacate *sua sponte* remand order). Because the Court has jurisdiction and Bank of America has waived its opportunity to move for remand, this action will proceed in this Court.

**NOT FOR PUBLICATION**

Ms. Woods has asserted two counterclaims against Bank of America. She alleges, first, that Bank of America violated the New Jersey Consumer Fraud Act ("NJCFA") and, second, that it violated the Fair Debt Collection Practices Act ("FDCPA"). Answer & Countercls. 3-6.

Ms. Woods asserts that Bank of America violated the NJCFA because it "engaged in fraudulent commercial practices, deceptive commercial practices, unconscionable commercial practices, false promises, false pretense and/or misrepresentations with respect to the subject mortgage loan." Answer & Countercls., First Countercl. ¶ 4. "Alternatively, or in addition," Ms. Woods alleges that Bank of America "engaged in facts [*sic*] of omission, including but not limited to knowing concealment, suppression and omissions of material facts in connection with the subject mortgage loan." *Id.* ¶ 5. Ms. Woods states that "[t]hese violations include but are not limited to: (a) failing to apply payments in accordance with the loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price opinions; (e) imposing charges or legal fees and costs; (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities; and (g) attempting to collect a debt secured by real estate without the legal right to do so." *Id.* ¶ 6.

Ms. Woods also disputes Bank of America's right to seek foreclosure, alleging that Countrywide sold the mortgage loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac") in 2003 and had no interest or rights to assign to Bank of America in 2013. *Id.* ¶ 7. She asserts that Bank of America violated the FDCPA by attempting to collect a debt from her which she does not owe to Bank of America or, alternatively, which she owes in an amount less than that Bank of America has attempted to collect. *Id.*, Second Countercl. ¶¶ 11-12.

**NOT FOR PUBLICATION**

Bank of America now moves to dismiss Ms. Woods's counterclaims, arguing that her complaint fails to adequately plead a violation of either the NJCFA or the FDCPA. Pl.'s Br. 4-7, ECF No. 6-1. Bank of America also argues that Ms. Woods lacks standing to challenge the mortgage's assignment by Countrywide to Bank of America. *Id.* at 3-4. The Court considers these arguments in turn.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

## DISCUSSION

1. <u>Ms. Woods Has Not Stated a Plausible Claim Under the NJCFA</u>

**NOT FOR PUBLICATION**

Bank of America argues that Ms. Woods's "bare allegations are insufficient to support" her NJCFA claim.[2] Pl.'s Br. 4-5. Ms. Woods counters that her complaint suffices. Def.'s Opp. 4-6, ECF No. 9.

A plaintiff must allege three elements to plead an NJCFA claim: "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007) (internal quotations and alterations omitted). Unlawful conduct under the NJCFA can be "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission." N.J.S.A. § 56:8–2.

Federal Rule of Civil Procedure 9(b) sets a heightened pleading standard for fraud claims, which applies to fraud-based NJCFA claims. *See Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). To meet the heightened standard, "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged. . . . [T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200 (internal citations and quotation marks omitted). This pleading standard "gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits

---

[2] Bank of America also argues that the NJCFA applies only to conduct conducted "in connection with the sale or advertisement" of real estate, and that its mortgage servicing practices fall outside of the statute's scope. Pl.'s Br. 4-5. The Court need not reach this issue because it finds that Ms. Woods's first counterclaim fails to state a plausible claim to relief.

**NOT FOR PUBLICATION**

brought solely to extract settlements." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

Ms. Woods's NJCFA counterclaim alleges fraud without any factual support. Her claims that Bank of America "engaged in fraudulent commercial practices, deceptive commercial practices, unconscionable commercial practices, false promises, false pretense and/or misrepresentations with respect to the subject mortgage loan" and that Bank of America "engaged in facts [*sic*] of omission, including but not limited to knowing concealment, suppression and omissions of material facts" are nearly verbatim recitations of the statutory language. They amount to nothing more than a vague assertion that Bank of America committed fraud. Answer & Countercls., First Countercl. ¶¶ 4-5. The accompanying list of alleged fraudulent acts is also devoid of factual detail:

> 6. These violations include but are not limited to: (a) failing to apply payments in accordance with the loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price opinions; (e) imposing charges or legal fees and costs; (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities; and (g) attempting to collect a debt secured by real estate without the legal right to do so."

*Id.* ¶ 6.

Ms. Woods provides no dates, times, amounts, or any other facts to add precision and plausibility to these claims. Without factual underpinnings, Ms. Woods's conclusory assertions are insufficient under Rule 9(b)'s requirement that fraud claims be stated with particularity. Fed. R. Civ. P. 9(b). They also fail to meet the minimum pleading requirements of Rule 8, as the absence of factual content prevents the Court from drawing a reasonable inference that Bank of America is liable under the NJCFA. *See Iqbal*, 556 U.S. at 678.

**NOT FOR PUBLICATION**

Finally, the Court observes that Ms. Woods's fraud allegations against Bank of America are identical to fraud claims that her counsel has filed against two other lending institutions on behalf of other plaintiffs. *See Nationstar Mortgage, LLC v. Baronfeld*, No. 13-CV-7417 FSH JBC, 2014 WL 5361890, at *3 (D.N.J. Oct. 21, 2014); *Wells Fargo Bank, N.A. v. Bertea*, No. 2:13-CV-7232 SRC, 2014 WL 5813704, at *2 (D.N.J. Nov. 10, 2014). Judge Hochberg and Judge Chesler likewise found that these NJCFA claims, when leveled at Nationstar Mortgage and Wells Fargo, failed to meet pleading requirements. *Nationstar Mortgage*, 2014 WL 5361890 at *3-4; *Wells Fargo*, 2014 WL 5813704, at *2-3. That Ms. Woods's lawyer filed identical NJCFA claims in two other cases, apparently recycling the same text, further suggests that Ms. Woods's counterclaim is a naked assertion without factual substance. Ms. Woods has failed to state a plausible claim to relief under the NJCFA.

2. <u>Ms. Woods Has Not Stated a Plausible Claim Under the FDCPA</u>

Bank of America also argues, and Ms. Woods disputes, that Ms. Woods has failed to state an adequate FDCPA claim. Pl.'s Br. 5-7; Def.'s Opp. 6-7.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representations or means" or "any unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e-1692f. Among other things, the statute bars debt collectors from falsely representing "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).

Ms. Woods alleges that Bank of America is a debt collector "attempting to collect a debt that Counterclaimant [Ms. Woods] does not owe to Counter Defendant [Bank of America]." Answer & Countercls., Second Countercl. ¶ 11. Alternatively, she alleges that "Counter Defendant [Bank of America] is attempting to collect a debt from Counterclaimant [Ms. Woods] in an amount

7

that is greater than the amount that the Counterclaimant [Ms. Woods] might owe." *Id.* ¶ 12.[3] In support of these claims, Ms. Woods offers only one identifiable factual assertion: that Countrywide "sold [the] mortgage to the Federal Home Loan Mortgage Corporation in 2003." *Id.* ¶ 6. Based on this allegation, Ms. Woods concludes that Bank of America "has no interest in the mortgage loan that it seeks to enforce." *Id.* ¶ 5.

Ms. Woods's FDCPA counterclaim suffers from the same factual deficiency as her NJCFA counterclaim. Nowhere does Ms. Woods's counterclaim describe the debt collection practices or representations that she deems unlawful under the FDCPA. Ms. Woods has failed to identify how, when, or in what way Bank of America used unlawful means or misrepresentations to collect the debt. The counterclaim merely recites statutory language and charges that Bank of America is attempting to collect a debt without the right to do so. In her opposition brief, Ms. Woods attempts to construct a more concrete allegation from her pleading: she contends that by "attempting to collect and/or enforce" the loan, Bank of America "misrepresented [its] legal rights and its status as a party entitled to enforce an obligation." Def.'s Opp. 2. Ms. Woods's counterclaim does not itself mention any such misrepresentation, and even if the Court were to construe Ms. Woods's counterclaim as implicitly making this allegation, it is not supported by factual content.

Ms. Woods's sole factual allegation is that Countrywide sold the mortgage loan to Freddie Mac in 2003. Taken as true, this fact does not support the claim that Bank of America is misrepresenting its entitlement to foreclose. Under New Jersey law, a party can be entitled to foreclose without owning the underlying mortgage. *BAC Home Loans Servicing, LP v. Durelli*, 2012 WL 3638876, at *7-8 (N.J. Super. Ct. Ch. Div. 2012) (finding that plaintiff had standing to

---

[3] The Court notes that these assertions are again nearly identical to claims Ms. Woods's counsel filed against Nationstar Mortgage and Wells Fargo in separate cases. *See Nationstar*, 2014 WL 5361890, at *4; Answer, Second Countercl. ¶ 8, *Wells Fargo*, 2014 WL 5813704 (No. 2:13-CV-7232 SRC).

**NOT FOR PUBLICATION**

foreclose on mortgage owned by Freddie Mac). As such, Ms. Woods's assertion that Countrywide sold the mortgage loan to Freddie Mac does not engender a reasonable inference that Bank of America is misrepresenting its right to foreclose. Ms. Woods has failed to state a plausible FDCPA claim.[4]

## CONCLUSION

The Court grants Bank of America's motion to dismiss Ms. Woods's counterclaims. An appropriate order follows.

Date: January 20, 2015

_____
United States Senior District Judge

---

[4] The Court need not reach Bank of America's argument that Ms. Woods lacks standing to challenge the assignment from Countrywide to Bank of America.