**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br> v. <br><br> MARGARET L. WOODS, et al., <br><br> Defendants. | **OPINION** <br><br> Civ. No. 2:14-cv-03246 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiff Bank of America, N.A. ("Bank of America") moves to remand this mortgage foreclosure action to New Jersey Superior Court. Bank of America's motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts were set forth in the Court's Opinion of January 20, 2015, so are only briefly restated here. *See* Opinion, ECF No. 17. On May 20, 2014, Bank of America filed a foreclosure complaint against Defendant Margaret Woods in New Jersey Superior Court. Compl., ECF No. 1-3. The next day, before Bank of America effected service on Ms. Woods, she removed the action to this Court. Notice of Removal, ECF No. 1. Bank of America subsequently served Ms. Woods on May 29, 2014. Affidavit of Service, ECF No. 14.

Ms. Woods's removal was based on diversity grounds. She alleged that Bank of America is a North Carolina citizen, that she is a New Jersey citizen, and that the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 5-6. The Court is satisfied that it has diversity jurisdiction under 28 U.S.C. § 1332(a). Bank of America now moves to remand this action to New Jersey

**NOT FOR PUBLICATION**

Superior Court on the basis that Ms. Woods's removal was procedurally improper. Mot. to Remand, ECF No. 19.

## DISCUSSION

Bank of America argues that this action should be remanded to state court because Ms. Woods's removal violated the "forum defendant" rule. Pl.'s Mem. 2-6, ECF No. 19-1. This issue was already addressed in the Court's Opinion of January 20, 2015.

Removal was indeed procedurally improper. The "forum defendant rule" of 28 U.S.C. § 1441(b)(2) prohibits removal on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Ms. Woods is a New Jersey citizen, the rule prohibits her from removing actions in which she has been "properly joined and served" from state to federal court in New Jersey. *Id.* Ms. Woods's argument that she had not yet been served at the time of removal, Notice of Removal ¶ 2, does not make the removal proper. *See Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008) (finding that diversity-based removal was not rendered proper under the forum defendant rule by virtue of fact that defendant had not yet been properly served at time of removal).

Bank of America had thirty days to move for remand under 28 U.S.C. § 1447(c), but did not do so. By failing to timely move for remand, Bank of America waived its objection to removal. *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (holding that violation of the forum defendant rule "must be the subject of a motion to remand within 30 days after filing the notice of removal" and issuing writ requiring district court to vacate remand order). The Court does not have authority to order remand without a timely filed motion. *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d Cir. 2003). Because the Court has subject matter

**NOT FOR PUBLICATION**

jurisdiction and Bank of America waived its objection to removal, Bank of America's motion to remand is denied.

Date: July 8, 2015

_____
United States Senior District Judge